## George F. Savitz

208:27 LRA

### *v.*

## The Ohio and Mississippi Railroad Company.

*Filed at Mt. Vernon May 5, 1894.*

Railroads—*unjust discrimination—a question of fact.* Where a railway company charges a plaintiff a greater rate for freight than it does another party for the same distance of transportation of similar freight, the question whether this is an unjust discrimination is one of fact. The fact whether the freight of the plaintiff is of the same class as that of the other person is material in determining whether the discrimination is unjust. The difference in the charge, at most, only makes out a *prima facie* case of unjust discrimination.

Writ of Error to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of St. Clair county; the Hon. B. R. Burroughs, Judge, presiding.

Mr. John G. Irwin, and Mr. Charles E. Wise, for the plaintiff in error:

As to what constitutes unjust discrimination, see *Vincent* v. *Railroad Co.* 49 Ill. 35; *People* v. *Railroad Co.* 55 id. 111; *Railway Co.* v. *People,* 56 id. 365; *Railroad Co.* v. *People,* 67 id. 19; *Railroad Co.* v. *People,* 121 id. 310; Hutchinson on Carriers, sec. 302; *Scofield* v. *Railway Co.* 43 Ohio St. 571; *State* v. *Railway Co.* 47 id. 130; *Messenger* v. *Railroad Co.* 36 N. J. 407.

Messrs. Pollard & Werner, for the defendant in error:

This suit is based upon a penal statute, and all the rules applicable to the enforcement of penal statutes require that it shall be made clearly to appear that the precise statutory offense has been committed. *Railroad Co.* v. *People,* 77 Ill. 443; *Coal Co.* v. *Railroad Co.* 17 Bradw. 619.

The issue to be tried is, was there an unjust discrimination. It must appear, not only that the defendant has made a discrimination in its rates or charges of freight, but that such discrimination was unjust; and the company can successfully defend by traversing the allegation that there was an unjust discrimination. *Railroad Co.* v. *People,* 67 Ill. 21; *Railroad Co.* v. *Hill,* 11 Bradw. 252; 14 id. 587.

But it is not enough to show there was a discrimination,—the plaintiff must go further, and prove that the discrimination was an unjust one. *Railroad Co.* v. *Hill,* 11 Bradw. 252.

A difference in the manner of transportation, and in the service rendered by the railroad company, justifies a difference in rates. *Coal Co.* v. *Railroad Co.* 17 Bradw. 614; *Railroad Co.* v. *People,* 121 Ill. 304.

14—150 Ill.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an action of assumpsit, brought by appellant, against appellee, in the circuit court of St. Clair county, to recover damages for an alleged unjust discrimination in the transportation of coal. The trial was before the court, without a jury, on the first count of the declaration and a plea of the general issue, and resulted in a judgment for the defendant. The Appellate Court having affirmed that judgment, appellant prosecutes this appeal.

No propositions of law were submitted to the trial court by the plaintiff, and no errors are assigned by him upon the rulings of that court in the exclusion or admission of testimony. The defendant submitted five propositions, three of which were held and the others refused.

The action is brought under the statute of this State against extortion and unjust discrimination by railroads in the transportation of passengers and freight. (2 Starr & Curtis, par. 150, chap. 114, page 1964.) The discrimination alleged in the declaration is, that the defendant charged the plaintiff forty-five cents per ton for transporting coal from his mine to East St. Louis, and at the same time charged the Consolidated Coal Company but thirty-one and a quarter cents per ton for shipments to the same place from one of its mines, which, like that of the plaintiff, was situated on the line of the defendant's road, between ten and fifteen miles east of said city. There was no controversy upon the trial as to the fact that the plaintiff had, during the time alleged, shipped large quantities of coal from his mine to East St. Louis, for which he was charged by the defendant, and paid, forty-five cents per ton, and that during the same time the Consolidated Coal Company also shipped from a mine similarly situated, as to legal freight charges, to the same place, coal, for which it was charged, and paid, but thirty-one and a quarter cents per ton, and counsel for appellant seem to understand this

fact is conclusive of defendant's liability. There was, however, no conflict in the evidence as to the further fact that the coal of plaintiff so shipped was known as "commercial coal," while that transported for the coal company was called "railroad coal," and that the manner of loading and delivering the two classes was materially different, and whether there was an unjust discrimination against plaintiff in the different charges of freight was a question of fact, to be determined from all the evidence. Proof of the allegations of the declaration, at most, only made a *prima facie* case against the defendant. (Par. 147, chap. 114, *supra*.) Certainly it can not be said there is no evidence in this record tending to justify the discrimination in charges made. The coal was not of the same class nor was it shipped in the same manner. By the express language of the statute the right of action accrues only when the discrimination is *unjust*, (par. 150, *supra*,) and that fact having been found against the plaintiff, the judgment below must be affirmed, unless it has been made to appear that prejudicial error was committed by the trial court in its ruling upon propositions of law. No complaint of that kind is made. The argument in this court on behalf of appellant, as well as that filed in the Appellate Court and re-filed here, seems to be directed against the conclusion of fact reached by the courts below, and not to the manner in which the law was applied to those facts.

The record, in our opinion, is free from error, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE PHILLIPS, having heard this case in the Appellate Court, took no part in its decision here.